UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEXINGTON INSURANCE CO.,

    Plaintiff,

v.

ISSAQUAH CARE CENTER, SANDRA SWANSON, et al.,

    Defendant.

No. C05-1614P

ORDER GRANTING CONSOLIDATION AND DENYING ABSTENTION

This matter comes before the Court on Plaintiff's Motion to Consolidate (Dkt. No. 17) and Defendant Swanson's Motion for Abstention (Dkt. No. 20). Having considered the parties' motions, responses, and all papers and exhibits pertinent thereto, the Court GRANTS Plaintiff's Motion for Consolidation and DENIES Defendant's Motion for Abstention. The Court finds that these cases are closely related and that the interests of judicial economy and efficiency are best served by hearing all of the issues that the parties present in one action. Additionally, the Court will not abstain from its jurisdiction here because there appears to be a live controversy for resolution under Article III of the U.S. Constitution and there is no longer a state court action pending in this matter.

BACKGROUND

Defendant Sandra Swanson ("Ms. Swanson") suffered a stroke and moved into the Issaquah Care Center ("ICC") because she could no longer take care of her needs independently. In 2003, Ms. Swanson filed a state court action against ICC alleging negligent care that resulted in several severe injuries. After years of litigation, for which Plaintiff Lexington Insurance Company ("Lexington")

ORDER - 1

provided a defense to ICC, Ms. Swanson was awarded over eight million dollars in an arbitration presided over by Honorable Harry Folman (ret.). As liability insurer for ICC, Lexington claimed that it was not liable for the full award to Ms. Swanson because it stated that its policy for ICC did not cover the amount awarded. Lexington filed a declaratory judgment action against ICC with this Court in September, 2005 (case 05-1614MJP). Unable to recover from either ICC or Lexington, Ms. Swanson sought to amend her state court complaint to include garnishment and other tort claims. On November 4, 2005, Washington Superior Court Judge Mary Yu granted this motion. Then, at a Sheriff's sale on December 15, 2005, Ms. Swanson purchased intangible choses in action held by ICC against Lexington. On December 21, 2005, Ms. Swanson amended her state court action to include Lexington as a defendant. Lexington removed that action to this Court on January 4, 2006 and it was assigned to Judge Lasnik as case 06-0005RSL. Plaintiff Swanson filed a motion for remand in that action, which was denied by Judge Lasnik on March 10, 2006 (Dkt. No. 22). That same day, Judge Lasnik transferred that case to Judge Pechman's court.

In the above-captioned action, Lexington brings a motion to consolidate these two cases. Ms. Swanson has stated that she does not oppose this action, but would prefer the Court to consider her motion for abstention first (Dkt. No. 19), which we do here.

ANALYSIS

Plaintiff urges the Court to abstain from jurisdiction in this action on two premises. First, Ms. Swanson observes that federal courts frequently decline jurisdiction where related actions have been filed in both state and federal courts. Because there is no currently pending state court case in this matter, the Court considers this point to be moot. Second, Ms. Swanson argues that the Court should decline to exercise its jurisdiction under the Declaratory Judgment Act. The Court rejects this argument because this case presents a live controversy, over which it is proper for the Court to now exercise its jurisdiction.

ORDER - 2

**I. Declaratory Judgment Action Analysis**

Under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., a District Court has discretionary jurisdiction to hear a declaratory judgment action. Allstate Ins. Co. v. Mercier, 913 F. 2d 273, 276 (6th Cir. 1990). In deciding whether or not to exercise its jurisdiction over these types of actions, the court should pay attention to whether or not there is an "actual case or controversy" that is ripe for adjudication and whether or not a judgment by the court will result in a useful resolution of the controversy. Id. The Supreme Court has noted that the difference between an abstract question and a controversy is one of degree. Maryland Casualty Co. v. Pacific Coal & Oil Co., et al., 312 U.S. 270, 273 (1941). Regarding the issue of ripeness, there are many examples of an insurer or insured successfully bringing an action for declaratory judgment on the issue of indemnification even though the underlying actions have yet to be resolved. See e.g. Okada v. MGIC Indemnity Corp., 823 F. 2d 276 (9th Cir. 1987). Here, the underlying issue of ICC's liability has been resolved, so there is no question that the indemnification issue is now ripe for resolution.

Additionally, whether the adverse legal interests of the parties are of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment," is a key consideration for courts deciding if they will hear a declaratory judgment action. Id. Here, the parties cannot agree how much indemnification, if any, is owed by Lexington to Ms. Swanson. This is an issue of sufficient immediacy to warrant the Court's intervention. Accordingly, the Court will exercise its jurisdiction in this instance and DENY Ms. Swanson's Motion for Abstention.

**II. Consolidation**

Fed. R. Civ. P. 42(a) allows courts to consolidate actions presenting "common questions of law or fact pending before the court. . ." Here, the Court finds that the garnishment action and the declaratory judgment action are closely related and will be most efficiently handled as one action. Moreover, as noted above, Ms. Swanson does not oppose Lexington's proposed motion for consolidation. Accordingly, the motion for consolidation is GRANTED.

ORDER - 3

For future reference, the cases shall be joined into one action with the case number 05-1614MJP.  Accordingly, case number 06-0005 shall be TERMINATED.  Lexington shall be the designated Plaintiff in this action and Ms. Swanson shall be designated as the Defendant.  Ms. Swanson shall re-plead her causes of action against Lexington as counterclaims, pursuant to Fed. R. Civ. P. 13.  Ms. Swanson shall have sixty (60) days from the date of this Order to file an Answer in this matter that includes her counterclaims against Lexington.  Additionally, the parties are asked to file an amended joint status report in this matter with the court within ten (10) judicial days of the date of this Order.

## CONCLUSION

The Court DENIES Ms. Swanson's Motion for Abstention, finding that there is a live controversy in this matter that supports the exercise of this Court's jurisdiction.  Because the issues and facts presented in cases 05-1614 and 06-0005 are so closely related, the Court GRANTS Lexington's motion for consolidation.  The cases shall be consolidated under case number 05-1614, with Lexington designated as Plaintiff and Ms. Swanson designated as Defendant.  Ms. Swanson has sixty (60) days from the date of this Order to file an Answer, including any counterclaims, in this action.  The parties have ten (10) days from the date of this Order to submit a revised joint status report in this matter.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: March _____, 2006.

Marsha J. Pechman
United States District Judge