UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEXINGTON INSURANCE COMPANY,

    Plaintiff,

v.

SANDRA SWANSON,

    Defendant.

No. C05-1614P

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER OF FEBRUARY 12, 2007, COMPELLING DISCLOSURE OF PRIVILEGED DOCUMENTS TO REQUEST IMPOSITION OF PROTECTIVE ORDER

    This matter comes before the Court on a motion by Plaintiff titled "Plaintiff Lexington Insurance Company's Motion to Reconsider Order of February 12, 2007, Compelling Disclosure of Privileged Documents to Request Imposition of Protective Order." (Dkt. No. 97). Although labeled as a motion for reconsideration, the Court previously indicated that this motion should be treated and briefed as a motion for a protective order and directed Defendant Sandra Swanson to file a response. (Dkt. No. 99). Having reviewed the papers and pleadings submitted by the parties and the balance of the record, the Court finds and ORDERS as follows:

    (1)    Lexington asks the Court to amend its order of February 12, 2007, which partially granted a motion by Ms. Swanson to compel Lexington to produce documents from its claims file. Lexington has already produced the documents subject to that order. However, Lexington now

ORDER - 1

requests that the Court "amend its Order to include an Order restricting the use of those documents to this litigation, only." In this case, Ms. Swanson is proceeding as the assignee of Issaquah Care Center's (ICC) claims against Lexington. Lexington seeks to prevent Ms. Swanson from using the documents produced pursuant to the February 12th order in a pending state court action in which Ms. Swanson is suing Lexington as the assignee of Haelen Health Systems, who served as ICC manager.

(2) The Court DENIES Lexington's motion. As a preliminary matter, the Court finds that Ms. Swanson raises valid points regarding the timeliness of Lexington's request for a protective order. The parties submitted extensive briefing on Ms. Swanson's motion to compel production of claims file documents. In its briefing on the motion to compel, Lexington did not suggest that if the Court were to require production of claims file documents, the Court should only compel production subject to a protective order limiting the use of the documents to this case. Lexington also produced the documents before moving for a protective order to limit their use to this litigation only. In a somewhat analogous situation, the court in United States v. International Business Machines, 79 F.R.D. 412, 414 (S.D.N.Y. 1978), held that a request for a protective order was untimely when it was first raised in a motion for reconsideration of an order compelling production and after the date the documents were to be produced.

The Court also finds that Lexington has not shown good cause under Fed. R. Civ. P. 26(c) for issuance of a protective order. Lexington argues that "[g]ood cause exists for the Court to include a protective order restricting the use of the privileged documents to this lawsuit where Defendant Swanson appears as Issaquah Care Center. Failure to do so will harm both Lexington and Issaquah Care Center because Defendant will use the documents against them in the state case, despite their privileged nature in that case." The Ninth Circuit has held that "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut.Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). As Ms. Swanson observes, Lexington's opening brief "does not even attempt to

ORDER - 2

identify the particular claims file documents it believes will cause it harm if used outside this litigation, nor to identify the specific harm that is likely to occur from the dissemination of any such document." In addition, the state court noted in a recent order that the federal and state cases are "significantly overlapping and so are the witnesses" and that "once the federal court determined to allow discovery of the documents for use by [Ms. Swanson/ICC] . . . there is no possible way in this case to disallow their use by [Ms. Swanson/Haelen] (for instance, once a witness has been shown a document, there would be no way to 'unring the bell' and tell the witness to forget about the document in the state case.)." (Dkt. No. 124-2, Ex. 2).

Lexington also cites Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1081 (9th Cir. 1988), where the court indicated that "[t]he remedy for a party seeking the return of material improperly discovered in a *separate* action is to seek a protective order from the court that presided over the discovery process in that discrete proceeding." (emphasis in original). However, for the reasons stated in the Court's February 12th order, the claims file documents were not "improperly discovered" by Ms. Swanson in this action. As a result, Kirshner does not require the entry of a protective order by this Court limiting the use of the documents to this case only.

(3)   The Clerk is directed to send copies of this order to all counsel of record.

Dated:   March 23, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3