1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

LEXINGTON INSURANCE COMPANY,

9

Plaintiff,

No. C05-1614P

10

v.

11

SANDRA SWANSON,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
OF ORDERS OF MARCH 23, 2007,
AND MARCH 30, 2007

12

Defendant.

13

14

        This matter comes before the Court on Plaintiff's "Motion to Reconsider Orders of March 23,

15

2007, and March 30, 2007." (Dkt. No. 148). Having reviewed the materials submitted by Plaintiff

16

and the balance of the record, the Court DENIES Plaintiff's motion for the reasons stated below.

17

**Background**

18

        As noted in prior orders, Defendant Sandra Swanson won a multi-million judgment against

19

Issaquah Care Center (ICC) after suffering negligent care at the facility. In this case, Ms. Swanson is

20

acting as the assignee of ICC's claims against Plaintiff Lexington Insurance Company, which served as

21

ICC's insurer. In state court, Ms. Swanson is also suing Lexington as the assignee of Haelen Health

22

Systems' claims against the insurer. Haelen served as ICC's manager and administrator.

23

        In the pending motion, Plaintiff asks the Court to reconsider orders dated March 23, 2007 and

24

March 30, 2007. The Court's March 23rd order denied Lexington's request that the Court amend its

25

ORDER - 1

order of February 12, 2007, which partially granted a motion by Ms. Swanson to compel Lexington to produce documents from its claims file.  Specifically, Lexington asked the Court to amend the February 12th order to include a protective order restricting the use of the claims file documents to this litigation only.  The Court's March 30th order denied Lexington's request to seal claims file documents that Ms. Swanson had offered in connection with a motion for partial summary judgment.

**Analysis**

Local Civil Rule 7(h) provides that motions for reconsideration are disfavored.  Under this rule, motions for reconsideration will ordinarily be denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

In its March 23rd order, the Court found that Ms. Swanson had raised valid points regarding the timeliness of Lexington's request for a protective order restricting the use of the claims file documents.  Lexington first made this request after it had produced the claims file documents.  As the Court noted:

> The parties submitted extensive briefing on Ms. Swanson's motion to compel production of claims file documents.  In its briefing on the motion to compel, Lexington did not suggest that if the Court were to require production of claims file documents, the Court should only compel production subject to a protective order limiting the use of the documents to this case.  Lexington also produced the documents before moving for a protective order to limit their use to this litigation only.  In a somewhat analogous situation, the court in United States v. International Business Machines, 79 F.R.D. 412, 414 (S.D.N.Y. 1978), held that a request for a protective order was untimely when it was first raised in a motion for reconsideration of an order compelling production and after the date the documents were to be produced.

(Dkt. No. 125 at 2).  In the pending motion, Lexington asserts that the Court "cites to United States v. International Business Machines . . . for the proposition that failure to seek a protective order before production waives 'confidentiality.'" Lexington's contention that the Court cited the International Business Machines ("IBM") decision for such a proposition is not accurate.  Instead, as clearly stated in the order, the Court cited the IBM decision for the proposition that a request for a protective order

ORDER - 2

may be regarded as untimely "when it was first raised in a motion for reconsideration of an order compelling production and after the date the documents were to be produced."

Other courts have followed similar rules regarding the timeliness of a motion for a protective order.  As a leading commentator on the Federal Rules of Civil Procedure has observed:

> Prior to 1970 the protective order rule required that an application for an order be made "seasonably."  This requirement was not included when the protective order provisions were moved to Rule 26(c), but the courts still consider the timeliness of a motion and look to all of the circumstances in determining whether the motion is timely.

8 Charles A. Wright et al., Federal Practice & Procedure § 2035 (2d ed. 1994).  Similarly, another leading commentator notes that "[a]lthough Rule 26(c) is silent as to the time within which a protective order must be made, the courts have imposed the requirement that the motion be timely or 'seasonable.'"  6 James Wm. Moore, Moore's Federal Practice, § 26.102[2] (2007).  Such cases include the IBM decision, as well as Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C. 1991) ("The failure to timely move for a protective order constitutes grounds for denying the same") and Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 129 F.R.D. 483, 487 (D.N.J. 1990) (similar).  Under this line of authority, "[a] motion for a protective order is timely if made prior to the date set for producing the discovery."  6 Moore's Federal Practice at § 26.102[2].  "Absent extraordinary circumstances, the outside limit within which a motion for a protective order for written discovery may be made is the time set for the response to a motion to compel written discovery."  Id.

In this case, Lexington could have requested a protective order limiting Ms. Swanson's use of claims file documents before the time for producing those documents.  For example, Lexington could have made such a request in its response to Ms. Swanson's motion to compel production of the claims file documents.  Lexington also could have filed a motion for a protective order immediately after the Court issued its order compelling production of the documents or could have requested a telephonic motion on this issue under Local Civil Rule 7(i).  To explain its failure to seek a protective order earlier, Lexington suggests that it could not have anticipated that Ms. Swanson would attempt to use

1    the claims file documents in her pending state-court action against Lexington.  This argument is not a

2    persuasive excuse for Lexington's failure to move for a protective order earlier.  Therefore, the Court

3    finds no manifest error in its determination that Lexington's request for a protective order was

4    untimely under the circumstances presented here.

5          The untimeliness of Lexington's request for a protective order would by itself constitute

6    sufficient grounds for denying Lexington's motion.  However, the Court additionally found in its

7    March 23rd order that Lexington had not shown good cause for a protective order under Fed. R. Civ.

8    P. 26(c).  As the Court noted in its order, the Ninth Circuit has held that "[a] party asserting good

9    cause bears the burden, for each particular document it seeks to protect, of showing that specific

10   prejudice or harm will result if no protective order is granted."  Foltz v. State Farm Mut.Auto. Ins.

11   Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  The Court agreed with Ms. Swanson that Lexington failed

12   to satisfy that standard.  The Court also observed that the state court had indicated that the federal and

13   state cases a "significantly overlapping and so are that witnesses" and that "once the federal court

14   determined to allow discovery of the document for use by [Ms. Swanson/ICC] . . . there is no possible

15   way in this case to disallow their use by [Ms. Swanson/Haelen] (for instance, once a witness has been

16   shown a document, there would be no way to 'unring the bell' and tell the witness to forget about the

17   document in the state case.)."

18         Lexington argues that it has shown good cause for the issuance of a protective order limiting

19   the use of the documents, stating that "[i]t is undisputed that the documents have been improperly

20   given to a third party for use against Lexington and ICC elsewhere."  (Dkt. No. 148 at 5).  However,

21   when the Court issued its March 23rd ruling, the state court had already held that confidentiality

22   attaching to the claims file documents had been waived.  Although Lexington has asked the state court

23   to reconsider that order, it is not undisputed that the claims file documents have been "improperly

24   given to a third party," as Lexington suggests.  Lexington has not shown manifest error in the Court's

25   finding that Lexington had failed to demonstrate good cause for issuing a protective order restricting

ORDER - 4

1  the use of the claims file documents to this case only, nor has Lexington pointed to new facts or

2  authority that would cause the Court to reconsider this finding.

3        It should also be noted that Lexington's request for a protective order relied largely on

4  Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1081 (9th Cir. 1988), where the court indicated

5  that "[t]he remedy for a party seeking the return of material improperly discovered in a *separate* action

6  is to seek a protective order from the court that presided over the discovery process in that discrete

7  proceeding." (emphasis in original).  However, Lexington has not suggested that the claims file

8  documents were "improperly discovered" by Ms. Swanson in this action.  As a result, the Court found

9  in its March 23rd order that Kirshner does not require the entry of a protective order by this Court

10 limiting the use of the documents to this case only.  Lexington offers no basis for the Court to

11 reconsider its application of Kirshner to the facts presented in this case.

12       For similar reasons, the Court also declines to reconsider its March 30th order, which denied

13 Lexington's request to seal claims file documents that Ms. Swanson offered in connection with a

14 partial summary judgment motion.  In its March 30th order, the Court noted:

15       The state court recently held that in light of this Court's order compelling production of certain
      claims file documents without a protective order, any confidentiality previously attached to

16       those documents has been waived. (Dkt. No. 124-2).  In addition, this Court has denied
      Lexington's motion for a protective order to limit the use of the claims file documents to this

17       case only. (Dkt. No. 125).  Under these circumstances, Lexington has not demonstrated good
      cause for an order sealing these documents under Local Civil Rule 5(g) or Fed. R. Civ. P.

18       26(c).

19 As before, the Court finds no manifest error in this ruling, nor has Lexington pointed to any new facts

20 or legal authority that would alter the Court's analysis.

21 //

22 //

23 //

24 //

25 //

ORDER - 5

**Conclusion**

Consistent with the discussion above, the Court DENIES Plaintiff's motion for reconsideration of the Court's orders of March 23, 2007 and March 30, 2007.  The Clerk is directed to send copies of this order to all counsel of record.

Dated:   May 1, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6