UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEXINGTON INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA SWANSON, <br><br> Defendant. | No. C05-1614MJP <br><br> ORDER STRIKING CR 37 SUBMISSION REGARDING REQUESTS FOR PRODUCTION SERVED ON DEFENDANT SWANSON |

    This matter comes before the Court on the CR 37 submission regarding requests for production served on Defendant Swanson. (Dkt. No. 166).  Plaintiff Lexington requests that the Court order Swanson to respond to certain requests for production.  Defendant Swanson did not participate in the filing of the CR 37 submission.  Having considered the CR 37 submission, Defendant's separately filed response (Dkt. No. 169), Plaintiff Lexington's separately filed reply (Dkt. No. 171), and all papers and exhibits pertinent thereto, the Court STRIKES the CR 37 submission.

    The Court will not consider Plaintiff's submission because Plaintiff failed to confer as required by Federal Rule 37(a)(2)(A) and Local Civil Rule 37(a).  Fed. R. Civ. P. 37(a)(2)(A) states that any motion to compel must include certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.  Local CR 37(a) specifically states that a "good faith effort to confer" means either a "face-to-face or a telephonic conference."  Here, Plaintiff Lexington admits that it did not confer in person or by telephone, but instead just forwarded its portion of the CR 37 submission to Defendant. (Plf.'s Reply at 2-3.)  Forwarding the opening portion of a CR 37 submission does not constitute a good

ORDER - 1

faith conference under the local rules. Because Plaintiff failed to confer in good faith, the Court STRIKES the CR 37 submission. Because the deadline for filing discovery motions has now passed,[1] Plaintiff may <u>not</u> re-file its CR 37 submission.

Defendant Swanson requests that the Court impose terms for Lexington's failure to comply with the applicable rules. The Court denies this request. The Court has already decided not to allow Lexington to re-file its request for an order compelling Ms. Swanson to respond to the requests for production. This is an appropriate sanction that will hopefully encourage Lexington to comport with the applicable local and federal rules in the future.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: May 15th, 2007.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

---

[1] The deadline for filing discovery motions was May 1, 2007. (Dkt. No. 106.) Thus, Plaintiff's CR 37 submission was timely when Plaintiff forwarded it to Defendant on May 1.

ORDER - 2