UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEXINGTON INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA SWANSON, <br><br> Defendant. | No. C05-1614MJP <br><br> ORDER GRANTING IN PART SWANSON'S MOTION TO COMPEL DEFENSE COUNSEL GUIDELINES |

This matter comes before the Court on Defendant Swanson's motion to compel production of documents relevant to the Requests for Production Nos. 2 and 3 regarding "Defense Counsel Guidelines" or "Litigation Management Program" and any attorney retention agreements, all without protection or restrictions on dissemination. (Dkt. No. 162.) Plaintiff Lexington has filed a response (Dkt. No. 173) and Defendant Swanson has filed a reply. (Dkt. No. 177.) Having considered the parties' briefs and all documents submitted in support thereof, the Court GRANTS IN PART Swanson's motion.

**Discussion**

Lexington requests that the Court strike Swanson's motion on two procedural grounds. First, Lexington points out that Swanson did not use the Civil Rule 37 joint filing format in violation of this Court's August 2006 order requiring the parties to "address any remaining and future discovery disputes using the uniform format outlined in local CR 37(a)(2)(B)(ii)." (See Dkt. No. 68, at 2.) Swanson apologizes for the oversight, but argues that, since August 2006, Lexington itself has filed discovery motions without using the unified format. Swanson also points out that Lexington did not

ORDER - 1

object to Swanson's use of the staggered format until Lexington filed its response. (See Beninger Reply Decl. ¶ 6.) Indeed, Lexington was not prejudiced by Swanson's failure to use the CR 37 format because Lexington actually had more time to respond under the staggered format. The Court will not strike Swanson's motion for failure to use the unified filing format.

Second, Lexington argues that the parties did not confer before Swanson filed her motion. But counsel for Swanson provided a declaration stating that he and counsel for Lexington conferred 2-3 times prior to the filing of the motion. (See Beninger Reply Decl. ¶ 5; see also Beninger Decl. ¶ 7.) Lexington has offered no evidence to support its assertion that the parties did not confer. The Court concludes that the meet-and-confer requirement has been satisfied.

Lexington indicates in its response that it is willing to produce the requested materials as long as the guidelines are kept confidential pursuant to a protective order. Federal Rule of Civil Procedure 26(c) authorizes a court, upon a showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party requesting the protective order and asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. Foltz v. State Farm, 331 F.3d 1122, 1130 (9th Cir. 2003). In support of its showing of good cause and risk of prejudice or harm, Lexington relies on the deposition testimony of Sharon Sobers, which Lexington claims shows that "Lexington's agent [, AIG,] enjoys economic value from the materials remaining confidential." In her deposition, Ms. Sobers testified that it is her understanding that (a) the defense counsel guidelines are used by AIG member companies and by defense counsel (Sobers Dep. at p. 14, ll. 16-20), (b) the AIG Litigation Management Department creates the guidelines and distributes them to defense counsel (id.), and the guidelines are a "product" (id. at p. 15-17), a "valuable commodity" (id. at p. 22, l. 9), and "confidential" (id. at p. 25-26).

Ms. Sobers' statements are undermined by her other testimony in which she admits that her job does not include handling the guidelines (id. at p. 15, ll. 17-19, and p. 16 at ll. 6-9) and that she has not been involved in selling the guidelines (id. at pp. 16-19). She also offers no basis for her

ORDER - 2

understanding that the guidelines are confidential except that the guidelines are a "work product ... created by us regarding work that we distribute to counsel." (Id. at 27, ll. 17-18.)  Moreover, in response to numerous questions about whether she knew if the guidelines had ever been sold to other insurance companies for a fee, Ms. Sobers only responded that it was her "understanding" that the guidelines are a "product." (Id. at pp. 16-19.)  Thus, Ms. Sobers' testimony is discredited by her own admissions that she is not familiar with the guidelines or how they are distributed (i.e., whether for a fee or not) to other insurance companies.  And even if the Court did not discredit her testimony, Ms. Sobers' generalized statements about the guidelines being a "confidential" "product" and a "valuable commodity" do not satisfy the burden imposed by Rule 26(c) of making a particularized showing of good cause and specific prejudice or harm.

Lexington also points to Judge Hilyar's decision in the corollary state court action in which Judge Hilyar ruled that the guidelines are entitled to "confidential" status. (See Neal Decl., Ex. 2.)  But on May 18, 2007, on reconsideration, Judge Hilyar vacated that order and ordered that the guidelines are "no longer 'confidential' or subject to protection on use or dissemination." (See Beninger Reply Decl., Ex. 1.)  Judge Hilyar's order therefore does not provide support for Lexington's argument that a protective order is warranted.[1]  Thus, because Lexington has failed to make a particularized showing of good cause, and has failed to show that it will be prejudiced or harmed without a protective order, Lexington's request for a protective order regarding the Defense Counsel Guidelines is DENIED.

Swanson also requests that the Court award terms.  The Court awards Swanson costs and reasonable attorneys fees.  But Swanson has not filed any information upon which the Court can make a fee award.  Upon a proper motion and documentation, the Court will order fees and costs.

---

[1] Swanson requests that this Court strike and/or seal the vacated state order to prevent its misuse.  The record does not support striking or sealing another court's order.  The request to strike or seal is DENIED.

ORDER - 3

**Conclusion**

Swanson's motion to compel is GRANTED IN PART. Lexington has agreed to produce the Defense Counsel Guidelines and has agreed not to object to Mr. Scott Barbara's production of his retainer agreement with AIG Domestic claims. A protective order is not warranted. Swanson's request for an order compelling production is therefore GRANTED. Lexington must produce responses to Swanson's Requests for Production Nos. 2 and 3 within three (3) judicial days of this order. Lexington is only required to produce documents used in or applicable to this litigation or this type of litigation.

Swanson's request that the Court strike or seal Judge Hilyar's vacated order is DENIED.

Swanson's request that the Court award terms is GRANTED. Upon proper motion and documentation, the Court will order that Lexington pay Swanson's fees and costs.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: June 6th, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 4