UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEXINGTON INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA SWANSON, <br><br> Defendant. | No. C05-1614MJP <br><br> ORDER GRANTING LEAVE TO FILE LATE DISCOVERY MOTION AND GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Lexington's motion for leave to file a late discovery motion and motion to compel. (Dkt. No. 258.) Lexington seeks to compel Defendant Swanson to produce documents responsive to Lexington's Request for Production No. 10. Swanson opposes the motion. (Dkt. No. 283.) Having considered the motion and response, Lexington's reply (Dkt. No. 286), all documents submitted in support thereof and the record herein, the Court GRANTS leave to file a late discovery motion and GRANTS IN PART and DENIES IN PART Lexington's motion to compel.

On April 23, 2007, Swanson answered Lexington's second set of Interrogatories and Requests for Production ("RFP"). Lexington's motion focuses on FRP No. 10:

> REQUEST FOR PRODUCTION NO. 10: Please produce all communications, including notes regarding oral communications, from Swanson or her counsel to any defendant or counsel of any defendant regarding settlement in the lawsuit captioned *Swanson v. Issaquah Care Center LLC et al* King County Superior Court Case No. 03-2-20442-1.
>
> RESPONSE: Objection to the extent this request may seek work product concerning any oral communications not recorded contemporaneous. Subject to that objection, many of the documents have already been produced through production and subpoena

ORDER - 1

1   duces tecum directed to ICC and Haelen. <u>If documents regarding Vencor, Group
2   Health or other defendants are at issue, Swanson will make available those as well as
    duplicate copies of other documents previously produced relating to ICC and Haelen.</u>
3   (Neal Decl., Ex. 2) (emphasis added). Lexington's motion focuses on the documents "regarding
4   Vencor, Group Health or other defendants" that Swanson stated she would "make available."
5   Swanson has never produced those documents. (Neal Decl. ¶ 2.)

6   On May 15, 2007, the Court issued an order striking a Lexington CR 37 submission (Dkt. No.
7   175) in which Lexington sought production of certain documents, including those documents
8   responsive to RFP No. 10 which had been withheld on the basis of work product privilege. (<u>See</u> Dkt.
9   No. 166.) The Court struck the submission because Lexington had failed to confer before bringing
10  the motion. The Court noted that Lexington was precluded from re-filing its submission by the
11  discovery motions deadline.

12  Swanson argues that the current motion is precluded by the Court's previous order. To the
13  extent that the current motion seeks access to the documents withheld on the basis of work product
14  privilege at issue in the Court's prior order, the motion is precluded and is DENIED. But to the
15  extent that the current motion seeks only those documents that Swanson promised she would make
16  available, the motion is GRANTED. Swanson cannot now withhold documents that she previously
17  stated she would provide. Therefore, Swanson is ordered to produce within five (5) calendar days
18  those documents "regarding Vencor, Group Health or other defendants" that Swanson promised to
19  produce in response to RFP No. 10.

20  For these reasons, the motion for leave to file a late discovery motion is GRANTED and the
21  motion to compel is GRANTED IN PART and DENIED IN PART. Swanson's request for terms is
22  DENIED.

23  The Clerk is directed to send copies of this order to all counsel of record.

24  Dated: August 15th, 2007.

25

26

Marsha J. Pechman
United States District Judge

ORDER - 2