UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEXINGTON INSURANCE CO.,

          Plaintiff,

v.

SANDRA SWANSON,

          Defendant.

No. C05-1614MJP

ORDER DENYING MOTION TO STRIKE SWANSON'S EXPERT WITNESS RICHARD DYKSTRA

      This matter comes before the Court on Plaintiff Lexington's motion to exclude Defendant Swanson's expert witness Richard Dykstra. (Dkt. No. 250.) Swanson opposes the motion. (Dkt. No. 265.) Having considered the motion and response, Lexington's reply (Dkt. No. 275), all documents submitted in support thereof and the record herein, the Court DENIES Plaintiff's motion.

      Lexington moves under Federal Rule 37(d) to exclude expert Dykstra because Mr. Dykstra did not appear for a properly noticed deposition scheduled for July 10, 2007. It appears from the evidence presented that Ms. Swanson attempted to reschedule Mr. Dykstra's deposition to one week later than originally planned, but that counsels' inability to effectively communicate with one another prevented them from confirming a new deposition date before the morning of the scheduled deposition.

      The Court will not exclude Mr. Dykstra based on these scheduling difficulties. Mr. Dykstra's deposition was rescheduled for one week later and has now been completed. (Beninger Decl., Ex. 10.) Lexington argues that it has been prejudiced, both by the costs incurred in appearing for the July 10 deposition and because Defendant may use Mr. Dykstra's opinions in her reply briefs on pending

ORDER - 1

1  motions for summary judgment. But any costs incurred are as much Lexington's fault as Swanson's;
2  Swanson informed Lexington several days before the July 10 deposition that it would need to be
3  rescheduled. And a party cannot establish prejudice based on speculation that something *might*
4  occur. Lexington is well-aware of Local Civil Rule 7(g), under which it could move to strike material
5  presented for the first time in reply. The motion to exclude on the basis of Rule 37(d) is DENIED.

6  Lexington also moves to exclude Mr. Dykstra's testimony because, Lexington argues, he will
7  offer a legal conclusion regarding whether Lexington acted in bad faith in handling Swanson's
8  insurance claim. See <u>In re Air Disaster at Lockerbie Scotland on 12-21-88</u>, 37 F.3d 804, 827 (2d Cir.
9  1994) ("While an expert witness may testify as to an ultimate fact issue the jury will decide, see Fed.
10 R. Evid. 704, the general rule is that an expert may not testify as to what the law is, because such
11 testimony would impinge on the trial court's function."). The Court cannot decide this issue on the
12 basis of the expert report. If, at trial, Mr. Dykstra attempts to offer a legal conclusion regarding
13 whether Lexington acted in bad faith (or regarding any other matter), Lexington may object. But the
14 Court will not exclude him without knowing <u>how</u> he will use the information in his expert report.
15 Swanson is allowed to put forward expert testimony on the issue of insurance claims handling
16 procedures. See <u>Hangarter v. Provident Life and Acc. Ins. Co.</u>, 373 F.3d 998, 116-18 (9th Cir. 2004)
17 (holding that expert who testified that defendants' claims handling deviated from industry standards
18 did not improperly invade the province of the jury or court). The motion to exclude on evidentiary
19 grounds is therefore DENIED.

20 The Court takes this opportunity to address one final matter. As the parties begin trial
21 preparations, the Court expects that they will be submitting motions in limine. Those motions must
22 be prepared and filed using the Local Civil Rule 37 format.

23 The Clerk is directed to send copies of this order to all counsel of record.

24 Dated: August 28th, 2007

25 /s/ Marsha J. Pechman

Marsha J. Pechman
United States District Judge

26

ORDER - 2